IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENRIQUE ANDRADE MOSQUERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1025 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner Enrique Andrade Mosquera, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 1998 capital murder conviction and life sentence. Respondent filed a motion for summary judgment based on expiration of limitations. (Docket Entry No. 14.) The motion's certificate of service reflects that petitioner was served a copy of the motion on August 31, 2009. *Id*, p. 11. Despite expiration of a reasonable period of time well in excess of thirty days, petitioner has failed to file any opposition to the motion.

For the reasons shown below, the Court grants summary judgment and dismisses this lawsuit as barred by limitations.

### *Background*

Petitioner was convicted of capital murder and sentenced to life imprisonment on March 28, 1998. The state court of appeals affirmed his conviction, *Mosquera v. State*, No.

01-98-00347-CR (Tex. App. – Houston [1st Dist.] 1999, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review on September 8, 1999. Petitioner filed an application for state habeas relief on September 15, 2006, which was denied by the Texas Court of Criminal Appeals on March 21, 2007. His second application for state habeas relief was dismissed as successive on December 19, 2007.

Petitioner filed the instant federal habeas petition on March 24, 2008. Respondent argues that the petition should be dismissed as barred by the one-year statute of limitations.

## *Analysis*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner's conviction became final for purposes of AEDPA on or about December 7, 1999, ninety days after refusal of state discretionary review, and the AEDPA one-year limitation expired one year thereafter on or about December 7, 2000. SUP. CT. R. 13.1. Petitioner's application for state habeas relief, filed in 2006, was filed nearly six years after expiration of limitations and had no tolling effect for purposes of AEDPA. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the AEDPA statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Further, neither petitioner nor the record before this Court show any grounds for statutory or equitable tolling. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D); *Larry v. Dretke*, 361 F.3d 890, 896-97 (5th Cir. 2004). Accordingly, the instant petition, filed some eight years after expiration of the federal statute of limitations, is untimely. Respondent is entitled to summary judgment dismissing petitioner's habeas claims as barred by limitations.

*Conclusion*

The motion for summary judgment (Docket Entry No. 14) is GRANTED and this case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on November 18, 2009.

_____
Gray H. Miller
United States District Judge